ROBERT D. AND EILEEN S. HARRISON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
HARRISON v. COMMISSIONER
Docket No. 2316-76.
United States Tax Court
T.C. Memo 1978-476; 1978 Tax Ct. Memo LEXIS 41; 37 T.C.M. (CCH) 1849-33; November 28, 1978, Filed *41 Petitioners purchased clothing for their children for the children's use in their employment (in order to conform to the employer's dress code). Held, regardless of whether the clothing qualified as a trade or business expense, section 73 deems such expenses as expenses of the children, deductible by the children but not by the parents. Robert D. Harrison and Eileen S. Harrison, pro se. James C. Lanning, for the respondent. IRWIN
MEMORANDUM FINDINGS OF FACT AND OPINION IRWIN, Judge: Respondent determined a deficiency of $50.75 in petitioners' income tax for the taxable year 1973. The only issue to be decided is whether petitioners *42 may deduct the cost of clothing which they purchased for their children, who were required to wear it in the performance of their part-time employment in a supermarket. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts, together with the exhibits attached thereto, are incorporated herein by this reference. Petitioners, Robert D. and Eileen S. Harrison, filed a joint income tax return for the taxable year 1973. Although it is unstated in the record where the return was filed, petitioners' address indicated on the return was St. Paul, Minn. At the time their petition herein was filed, petitioners resided in St. Paul, Minn.
During 1973, three of petitioners' children, Barbara, William, and Mark, were employed at Knowlan's Supremarket. As a condition of their employment, the children were required to conform to the market's "dress code". This included white dress shirts, dark-colored slacks, and leather shoes capable of holding a polish for William and Mark, and gold smock-type blouse tops, dark-colored slacks, and a dark-colored cardigan sweater for Barbara. The cost of these items to petitioners was at least $204. Petitioners' children *43 did, in fact, wear this clothing to work. Although the clothing was adaptable to general usage as ordinary clothing, petitioners' children refused to wear most of the clothing outside work because it was, to say the least, out of style. However, those articles of clothing such as the cardigan sweater which petitioners believed the children could wear outside work were not deducted by petitioners. Petitioners' deduction of the cost of the clothing was disallowed by respondent. OPINION Petitioners contend that the items they purchased for their children qualify as uniforms and are deductible under section 162 [1] as a trade or business expense. Although we are sympathetic to petitioners' position, even if we assumed the clothing was deductible as uniforms [2] the cost of the clothing would properly be deductible by the children and not petitioners. Section 73 provides that expenses incurred by a parent attributable to amounts received for a child's services, which amounts are includible in the child's gross income, are treated as paid or incurred by the child. *44 [3] Thus, even though petitioners actually paid the expenses, they are considered to be those of their children. Petitioners protest that because the children earned little income during the year in question the deduction is of no value to them. The language of section 73 is quite clear, however, and we must hold that the deduction taken by petitioners for the cost of their children's clothing is disallowed. Decision will be entered *45 for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect during the year in issue.↩
2. But see ; ; . ↩
3. SEC. 73. SERVICES OF CHILD. (a) Treatment of Amounts Received.--Amounts received in respect of the services of a child shall be included in his gross income and not in the gross income of the parent, even though such amounts are not received by the child. (b) Treatment of Expenditures.--All expenditures by the parent or the child attributable to amounts which are includible in the gross income of the child (and not of the parent) solely by reason of subsection (a) shall be treated as paid or incurred by the child.↩